

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2004

# USA v. Coffie

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3921

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Coffie" (2004). *2004 Decisions.* Paper 793.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/793

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3921
_____

UNITED STATES OF AMERICA,
<u>Appellee</u>

v.

KEN COFFIE,
a/k/a KENYATTA COFFIE,
a/k/a ROBERT JACKSON,
a/k/a ROBERT MOORE,
a/k/a KENNY MOORE

KEN COFFIE,
<u>Appellant</u>.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
Criminal Action No. 01-633
District Judge: Honorable Mary A. McLaughlin

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 20, 2004

_____

Before: SCIRICA, <u>Chief Judge</u>, GARTH, and BRIGHT[*], <u>Circuit Judges</u>

(Opinion Filed: April 22, 2004)

_____

[*] Myron H. Bright, Circuit Judge, United States Court of Appeals for the Eighth
Circuit, sitting by designation.

OPINION OF THE COURT
_____

Garth, <u>Circuit</u> <u>Judge</u>:

On October 30, 2001, Appellant Ken Coffie was indicted by a grand jury in the Eastern District of Pennsylvania for possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).[1] The indictment also alleged that Coffie had seven prior convictions for violent felonies or serious drug offenses, which would classify Coffie as an armed career criminal and trigger a sentence enhancement under 18 U.S.C. § 924(e). On March 1, 2002, following a three day trial, a jury found Coffie guilty of the charged offense, and separately found that Coffie had been convicted of seven predicate violent felony offenses.

On October 16, 2002, the District Judge imposed a sentence of 235 months imprisonment, a term of supervised release of five years, and a special assessment of $100. Coffie now appeals. The District Court had jurisdiction under 18 U.S.C. § 3231, and we exercise jurisdiction under 28 U.S.C. § 1291. We will affirm.

I.

Coffie's counsel has filed a brief in accordance with *Anders v. California,* 386

---

[1] 18 U.S.C. § 922 (g)(1) provides:

It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition[.]

U.S. 738 (1967), stating that there are no non-frivolous issues raised in this appeal; he has also filed a motion requesting to withdraw as counsel. Coffie has filed a supplemental *pro se* brief, in which he argues that his counsel was ineffective for failing to argue on appeal that police officers apprehended him and seized his firearm in violation of *Terry v. Ohio,* 392 U.S. 1 (1968), and that the District Court admitted a statement at trial in violation of *Brady v. Maryland,* 373 U.S. 83 (1968). The government has submitted a brief in which it agrees with counsel for Coffie that there are no nonfrivolous issues presented for appeal, and contends that Coffie's ineffective assistance of counsel claim should not be heard on direct appeal, but rather should be raised for collateral review before the District Court under 28 U.S.C. § 2255.

## II.

In reviewing an *Anders* brief, we ask (1) whether counsel adequately examined the record for appealable issues and explained why such issues are frivolous, and (2) whether an independent review of the record presents any non-frivolous issues. *United States v. Youla,* 241 F.3d 296, 300 (3d Cir. 2001). With regard to the first duty, counsel's *Anders* brief must "assure us that counsel has made a sufficiently thorough evaluation of the record to conclude that no further discussion of other areas of the case is necessary." *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir. 2000) (quoting *United States v. Tabb,* 125 F.3d 583, 585 (7th Cir. 1997)). As to the second duty, "counsel must also explain to the court why the issues are frivolous." *Id.* at 781.

Coffie's counsel has met the first requirement by reviewing the record and identifying one possible issue that might arguably support an appeal: whether the District Judge properly sentenced Coffie as an armed career criminal under 18 U.S.C. §§ 922(g)(1) & 924(e) and the corresponding section of the United States Sentencing Guidelines ("U.S.S.G."), § 4B1.4. In his brief, counsel argues that Coffie was properly sentenced under 18 U.S.C. § 924(e), which directs that a 15 year minimum sentence be imposed upon a defendant in possession of a firearm who has at least three predicate convictions.[2] Counsel asserts that, under *United States v. Schoolcraft,* 879 F.2d 64 (3d Cir. 1989), the District Court properly considered Coffie's seven previous convictions when determining his status as an armed career criminal.[3] In addition, counsel argues that the District Judge correctly enhanced Coffie's sentence under U.S.S.G. § 4B1.4, which applies to a defendant who has been classified as an armed career criminal under 18 U.S.C. § 924(e).

---

[2] 18 U.S.C. § 924(e) provides:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

[3] The jury determined that Coffie had been convicted of seven previous violent felonies or serious drug felonies – six robbery convictions and one conviction for possession of cocaine with intent to distribute.

Where an appellant has raised issues in a *pro se* brief that were not raised in his counsel's *Anders* brief, this Court may consider those issues in determining whether the record presents any non-frivolous issues for appeal. *Youla,* 241 F.3d at 301. In his *pro se* brief, Coffie argues that his counsel was ineffective for failing to attack his conviction under *Terry* and *Brady,* and for failing to consult with him regarding the instant appeal. The government responds that because no record was developed in the District Court which would enable this Court to assess trial counsel's failure to request that the firearm be suppressed and to assess his failure to object to the alleged *Brady* violation, this Court should deny Coffie's claim of ineffective assistance of counsel pursuant to *United States v. Thornton,* 327 F.3d 268 (3d Cir. 2003). The government argues that this claim may only be raised in a collateral attack under 28 U.S.C. § 2255.

### III.

Our independent review of both issues confirms that Coffie's appeal is frivolous. First, Coffie's counsel is correct that an appeal from the sentence entered by the District Judge would be frivolous. A jury convicted Coffie of violating § 922(g) – which carries a base offense level of 24 – and the jury also found that Coffie had been convicted of seven predicate violent felony offenses. As a result, the District Judge properly applied § 924(e), which imposes a mandatory minimum sentence of 15 years imprisonment, and triggers the application of U.S.S.G. § 4B1.4. Section 4B1.4 raised Coffie's offense level to 33. Based on Coffie's record of prior convictions, and on the

fact that he was on parole at the time the instant offense was committed and that he had been released from custody less than two years prior to committing the instant offense, he was assigned a criminal history category of VI. The corresponding sentencing range under the guidelines is 235-293 months. The District Judge imposed a sentence of imprisonment of 235 months, at the bottom end of the applicable range.

Moreover, we agree with the government that on the record before us, Coffie's ineffective assistance of counsel claim cannot be entertained. In *Thornton,* we noted that although we may address the claim of ineffective assistance of counsel on direct appeal when the record is sufficient to allow determination of the issue, it has long been our practice to defer the issue of ineffectiveness of trial counsel to a collateral attack under § 2255. 327 F.3d at 271-72. We will therefore deny Coffie's *pro se* claim of ineffective assistance of counsel without prejudice to his right to bring this claim in a collateral attack pursuant to 28 U.S.C. § 2255.

As required by *Anders,* Coffie's counsel has conducted a conscientious review of the record and has concluded that there are no non-frivolous issues on which to base an appeal. Satisfied that all of the *Anders* requirements have been met, we will affirm the judgment of the District Court and we will grant counsel's motion to withdraw. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).